IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Derrick Cook, | ) | C/A No. 5:12-853-RBH-KDW |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Mildred L. Rivera, Warden, | ) | |
| Respondent. | ) | |

      On March 26, 2012, Petitioner, Derrick Cook ("Petitioner" or "Cook"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, filed on June 28, 2012. ECF No. 14. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Petitioner, on June 29, 2012, of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 15. On July 12, 2012, Petitioner filed a response in opposition to Respondent's motion. ECF No. 17. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 14, be granted.

I.      Factual and Procedural Background

Petitioner is presently confined in the satellite prison camp adjacent to the Federal Correctional Institution ("FCI") in Estill, South Carolina. ECF No. 1. Petitioner was sentenced to a 240-month term of imprisonment by the United States District Court for the District of Columbia for unlawful possession with the intent to distribute 50 grams or more of cocaine base (violation of 21 U.S.C. § 841(a)(1),(b)(1)(A)(iii)). *Id.* Petitioner's federal sentence began on September 7, 1993, with a projected release date of April 27, 2013, with Good Conduct Time. *Id.*; ECF No. 14 at 3.

In June 2011, Petitioner's eligibility for Residential Reentry Center ("RRC") placement was reviewed under the five factors of 18 U.S.C. § 3621(b), and an institutional referral form was completed recommending a RRC placement date of April 13, 2012. ECF No. 1-1 at 3-4. On October 20, 2011, FCI Estill administrators approved this recommendation, and the proposed placement paired with Petitioner's projected release date, would have given Petitioner approximately 12 months in RRC. ECF No. 1-2. This recommendation was subsequently submitted to the Community Corrections Management ("CCM") staff for designation of an actual RRC placement date. *Id.* CCM established an RRC placement date for Petitioner of December 27, 2012, which provided Petitioner with four months of RRC Placement. In July 2012, Petitioner's RRC placement date was updated to October 30, 2012. ECF No. 17-2 at 9.

II.     Discussion

A. Federal Habeas Issues

Petitioner's habeas petition challenges the decision of the CCM staff that Petitioner be placed in a RRC for a period of four months. Specifically, Petitioner alleges that CCM's

decision on his RRC placement violates 18 U.S.C. §§ 3621, 3624 (Public Law No. 110-199 ("The Second Chance Act of 2007") and the Bureau of Prisons' ("BOP") memorandum for CEOs dated June 24, 2010. ECF No. 1-1. The June 24, 2010 memorandum provides

> if CCM staff questions the appropriateness of the referral or length of the requested placement, the (CCM staff) must communicate these concerns to the referring institution. Differing recommendations will be resolved at the appropriate level within the regional management structure. Under no circumstances should CCM staff unilaterally deny RRC referrals or adjust placement dates, unless these determinations can be linked directly to a lack of RRC bed space, or fiscal resources.

ECF No. 1-3 at 2.

Petitioner alleges that FCI Estill's Warden Rivera, his case manager, and his unit team recommended to CCM that Petitioner receive a twelve-month RRC placement, based on an individualized assessment of Petitioner, made in accordance with the Second Chance Act of 2007 and the BOP's CEO's Memorandum, which requires consideration of five factors in determining an inmate's placement. ECF No. 1-1. Petitioner argues that despite this recommendation, his RRC placement was "categorically denied" without justification, at the regional level by CCM staff, who reduced Petitioner's placement in RRC to only four months. *Id.* Petitioner alleges that "due to his lengthy incarceration time (approximately 19 years) and post rehabilitation efforts, he deserves and qualifies for the RRC placement of twelve (12) months." ECF No. 1-1 at 6. Petitioner asks the court to "determine that Petitioner is eligible for twelve (12) months of RRC or halfway house placement … and adjust [his] RRC placement dates to reflect [the] initial referral date recommended." ECF No. 1 at 9.

B.      Standard of Review

Pursuant to Rule 12(b)(6) a motion to dismiss may be granted when, construing allegations in the light most favorable to plaintiff and assuming the facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (noting that in 12(b)(6) analysis, the court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted); *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994).

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.   Habeas Corpus

        1. Section 2241 Generally and Exhaustion Requirement

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. *Ex parte Hawk*, 321 U.S. 114, 117 (1944). "Unlike petitions brought under [28 U.S.C.] § 2254,

which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (internal quotation marks omitted). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Respondent stipulates that Petitioner exhausted his available administrative remedies. ECF No. 14 at 4.

2. Discussion

RRC assignments are governed by 18 U.S.C. §3624(c)(1), which provides that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1), as amended by the "Second Chance Act of 2007" effective April 9, 2008. The Second Chance Act required that the BOP issue new regulations designed to ensure that RRC placements are "(A) conducted in a manner consistent with section 3621(b)

of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20-.22. Section 570.21 provides that a prisoner's maximum allowable time in a RRC placement is 12 months. *See* 28 C.F.R. § 570.21. The regulations, however, do not set any minimum amount of time that a prisoner must spend in RRC placement. Section 520.22 requires the BOP to make RRC placement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *See* 28 C.F.R. § 570.22. The 12-month RRC period is a statutory maximum and it is not mandatory that prisoners receive 12 months in RRC placement. Despite a prisoner's eligibility for a placement of up to twelve months in an RRC, it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (4th Cir. 2005) (holding that the BOP must analyze the five factors in § 3621(b) and "that the BOP may assign a prisoner to [an RRC] does not mean that it must").

Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment argues that Petitioner's Writ of Habeas Corpus does not present a valid claim, and should therefore be dismissed. Respondent contends that although Petitioner may disagree with the substantive application of the factors in his case, the "record clearly reflects that [Petitioner] was considered for 12 months RRC placement, and after consideration of the §3621(b) factors, as well as other information, he was given a 4 month placement." ECF No. 14 at 9. Respondent contends that the "other information" considered was bed space

availability at the RRC, and that this consideration was "wholly appropriate" and the BOP memorandum referenced by Petitioner "require[d] nothing more." *Id.*

In response to Respondent's argument, Petitioner stipulates that his unit team reviewed him in accordance with the five factors of 18 U.S.C. §3621(b). ECF No. 17 at 2. Petitioner argues, however, that the regional CCM "failed to take into consideration the recommended referral date of April 13, 2012, which represented a recommendation of twelve (12) months of RRC placement petitioned by the Petitioner's Unit Team." *Id.* at 2. Petitioner further argues that CCM "exhibited an improper categorical approach with his RRC placement recommendation of only four (4) months without any other consideration regarding additional resources (Home Detention) that were available for him to use at his disposal in accordance with the Second Chance Act to aid and assist Petitioner with a date that may have been reserved closer in proximity to the actual date petitioned by his Unit Team." *Id.* Petitioner also contends that he was never informed that lack of bed space was the reason his RRC placement was reduced to four months. *Id.* at 4. Although Petitioner acknowledges that his RRC placement date was moved to October 30, 2012, from the original date of December 27, 2012, Petitioner contends that he should have been considered for more time. *Id.* at 4.

Based upon a review of the record, the undersigned finds that Petitioner has appropriately been considered for RRC placement pursuant to Section 3621(b). Petitioner stipulates that his unit team reviewed his RRC placement in accordance with the five factors listed in 18 U.S.C. § 3621(b). ECF No. 17 at 2. Although Petitioner argues that the CCM's decision to reduce his time in RRC from 12 to 4 months failed to take into consideration his unit team's recommendation for twelve months, the record establishes otherwise.

Respondent offers an affidavit from Leonard King, Jr., case manager at FCI Estill, who attests that RRC Management informed him that Petitioner was not given a 12-month RRC placement "due to projected bed space availability at the facility." ECF No. 14-1 at 3. King contends that "it is wholly appropriate for the RRC Management staff to change our recommendation of 12 months to 4 months based on the projected bed space availability. [Petitioner] has secured living arrangements after his release from the RRC, thus 4 months is adequate RRC placement time for [Petitioner] to begin his reintegration into society." *Id.*

Although Petitioner disagrees with the outcome, there is no doubt that Petitioner received an individualized assessment for an RRC placement using the factors contained in Section 3621(b). *See Syrek v. Phillips,* No. 5:07CV111, 2008 WL 4335494, at *2 (N.D.W.Va. Sep. 17, 2008) (finding that "the BOP must consider the § 3621(b) statutory factors" and "cannot rely upon a categorical formula to determine the length of an inmate's CCC placement"); *also see Specter v. Dir. Fed. Bureau of Prisons,* No. 4:09-cv-0191-TLW-TER, 2010 WL 883733, at *5 (D.S.C. Mar. 5, 2010)(slip copy)(stating that "[u]nder these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors"); *Garrison v. Stansberry,* No. 2:08cv522, 2009 WL 1160115, at *5 (E.D.Va. Apr. 29, 2009)(finding that "the Court lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for RRC placement; the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis"). Accordingly, the undersigned finds that the BOP appropriately considered Petitioner for RRC placement pursuant to Section 3621(b).

III.     Conclusion

For the reasons discussed above, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 14, be granted and the petition dismissed.

IT IS SO RECOMMENDED.

September 21, 2012                                                                                  Kaymani D. West
Florence, South Carolina                                                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**